## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| JAMES LEACH,<br><br>        Plaintiff,<br><br>  v.<br><br>UAW LOCAL 1268 REGION 4, and<br>FCA, FIAT CHRYSLER<br>AUTOMOTIVES et, al<br><br>       Defendants. | Case No. 3:22-cv-50004<br><br>Honorable Iain D. Johnston |

### MEMORANDUM OPINION AND ORDER

On September 6, 2022, Plaintiff James Leach, *pro se*, filed his second amended complaint against Defendants UAW Local 1268 Region 4 and "FCA, Fiat Chrysler Automotives et, al." Compl., Dkt. 38. The allegations of the case and the legal theories of recovery are almost entirely indecipherable. *Id.*

Defendant UAW Local 1268 ("Defendant") moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), argues that the complaint should also be dismissed for failure to comply Rule 8(a), and, in the alternative, moves for a more definite statement under Rule 12(e). Dkt. 40, at 1, 4. For the following reasons, the Court grants in part Defendant's motion to dismiss. The claims are dismissed against UAW Local 1268 without prejudice.

### BACKGROUND

The facts of this case remain almost entirely unclear. This is why:

Plaintiff JAMES LEACH Pro'se has commenced this action pursuant to 42 U.S.C. § 1983 complaint alleging that the Defendant's UAW Local

1268s' Region 4, and FCA, FIAT CHRYSER [sic] AUTOMOTIVE et, al., that they violated breach of contract for deprived him of his civil rights as guaranteed under Collective Bargaining Agreement ('Agreement'), denying him as a employee to file Redress and Grievance Complaint, Due Process violation, conjunction to Fourth, Fourteenth Amendments to the United State Constitution, Fundamental Constitutional rights violation and additionally asserting pendent state law claims of negligence, sexual harassment retaliation under Title VII, discrimination violation, verbal terroristic threat by an employee which causes intentional infliction of emotional distress as follows; . . .

Plaintiff JAMES LEACH brought this 42 U.S.C. § 1983 action against First Cause of Action – Discrimination UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES shortly thereafter, against a male employee supervisor JIMMY GILMORE several Boone County, plaintiff, they violated breach of contact for deprived him of his civil rights as guaranteed under Collective Bargaining Agreement ('Agreement'), denying him as a employee to file redress and grievance complaint, alleging that they violated his constitutional rights, fundamental rights, sexual harassment, retaliation, discrimination against the plaintiff LEACH. The employee supervisor JIMMY GILMORE, UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES were deliberately indifferent to his seriousness by not reasonably accommodating the Plaintiff LEACH as requested. Plaintiff LEACH claims allegation June 2017 he began working as employee janitor UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES shortly thereafter, a male employee supervisor JIMMY GILMORE began intentionally and inappropriately touching / slapping employee LEACH on my ('Butt Cheeks') upon reason and belief 11 p.m., closely to lunch breach. Plaintiff JAMES LEACH in an action brought pursuant to 42 U.S.C. § 1983. (i), Plaintiff LEACH asserted Due Process Violation under, fifth, and 14th Amendment rights, Constitutional rights, fundamental rights breach of contract according to Defendant's breach of contract for deprived him of his civil rights as guaranteed under Collective Bargaining Agreement ('Agreement'), UAW 1268 UAW member hand book Article 6 membership Section 2-[31-37] 18 U.S.C. Code § 2242 – Sexual abuse he was physically assaulted June 2017 by employee whom is employed by MACLELLAN INTEGRATED SERVICES INC, supervisor JIMMY GILMORE employee for (MacLellan) acting as agent for the corporation. Plaintiff LEACH alleges claim breach of contract for guaranteed under Collective Bargaining Agreement ('Agreement'), pursuant 10 U.S. Code 920 – Art. 120. March 11, 2020; against UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES ('Hand Book') Union Represented RICKY

2

HICKS, verbal terrorist threats / sexual assault, (iii) Union representatives JAMES STAUCH acting individually Officer Behalf of Union, breach of contract for guaranteed under Collective Bargaining Agreement ('Agreement'), Plaintiff LEACH claim's he has requested on several occasion to file grievance's which defendant's failure to allow plaintiff due process to file his grievance that violated his, fundamental rights violations, constitution rights violation, and all company/corporation violation, and UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES Unit 13 Represented RICKY HICKS, and JAMES STAUCH, whereby plaintiff LEACH consistently demanded to file 'Redress and Grievance Form' and was denied the rights pursuant to UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES ('Hand Book') Article III – Non Discrimination. Plaintiff LEACH claims retaliation under Title VII, breach of contract for deprived him of his civil rights as guaranteed under Collective Bargaining Agreement ('Agreement'), against defendant's UAW Local 1268 Region 4, and FCA, FIAT CHRYSLER AUTOMOTIVES, Union Supervisor / Team Lead Ricky Hicks ('Individually acting as agent for corporation FCA, FIAT CHRYSLER AUTOMOTIVES'), PRESIDENT/OWNER JEFFERY K, BETZOLDT MCLELLAN INTEGRATED SER[VICES] INC, Supervisor JIMMY GILMORE employee for (MacLellan) acting as agent for the corporation. Union representatives JAMES STAUCH acting individually Officer Behalf of Union. et, al that he suffered which causes intentional infliction of emotional dress from adverse employment action that forced to resignation November 6, 2021 and received therapy . . . .

Plaintiff's LEACH, who was denied to file a grievance of sexual assault charges, verbal terroristic threat with his UAW Local 1268's union, challenging action for the fear for his life, and denied his grievance request. Under the collective bargaining agreement between FCA, FIAT CHRYSLER AUTOMOTIVES, and Defendant's UAW Local 1268s' pursued the grievance through every stage of the dispute resolution process, This process culminated in binding arbitration between FCA, FIAT CHRYSLER AUTOMOTIVES, and UAW Local 1268s'. The arbitrator never made a determined between FCA, FIAT CHRYSLER AUTOMOTIVES had just cause for it decision by denying the plaintiff LEACH claims for grievance. Of said alleged char[ges]. I, the plaintiff's LEACH claims that the Defendant's UAW Local 1268s' breached its duty of fair representation in processing his grievance . . . .

Compl., Dkt. 38, at 2–6.

For purposes of Defendant's motion to dismiss, Defendant "assume[s]" what claims Plaintiff alleges and drafts its motion to dismiss from those assumptions. *See* Dkt. 40, at 3–4. Defendant casts Plaintiff's claims as the following: "(1) civil rights violation under Section 1983; (2) breach of the duty of fair representation, ('DFR'), under Section 301 of the Labor Management Relations Act, ('LMRA'); and (3) various employment discrimination claim(s) under Title VII of the Civil Rights Act of 1964." *Id.* Plaintiff, in his equally incomprehensible response, does not appear to dispute Defendant's characterizations. *See* Dkt. 42.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) explains the general requirements for properly pleading claims against a defendant. *See* Fed. R. Civ. P. 8(a). Rule 8(a) requires that a plaintiff's complaint allege a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as a prayer for the relief sought. Fed. R. Civ. P. 8(a). Rule 8(d) further requires that each allegation within in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Turning to the claims themselves, at the pleading stage, a complaint's factual allegations, rather than any legal conclusions, must raise the plausible inference that the defendant is liable for the complained of misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because a motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint's allegations, setting aside exceptions not applicable in this case, the Court is typically limited to reviewing the complaint's factual allegations. *Holloway v. Shambaugh & Sons, Inc.*, 988 F. Supp. 2d 901, 911 (N.D. Ind.

2013). Factual allegations are taken as true, and reasonable inferences from the allegations are construed in favor of the plaintiff. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). The defendant, as the moving party, bears the burden of establishing that the complaint's allegations, taken as true, are insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

A complaint "need not anticipate and overcome affirmative defenses." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). With respect to statute-of-limitations defense, "[a]s long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial)." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Still, though, dismissal is appropriate when "the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Village of Oak Town*, 860 F.3d 489, 492 (7th Cir. 2017). In other words, the district court may grant dismissal under Rule 12(b)(6) when a plaintiff alleges claims that are "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). And with respect to exhaustion defenses, "[s]ince failure to exhaust administrative remedies is an affirmative defense," dismissal is only appropriate if it is "clear from the face of the complaint that the defense applied." *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 849 (7th Cir. 2015).

A *pro se* complaint "is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). Indeed, "however inartfully

pleaded," the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal citation and quotations omitted).

## ANALYSIS

Although liberally construed, Plaintiff's complaint still falls short of Rule 8(a)'s pleading standards. Fed. R. Civ. P. 8(a); *Erickson*, 551 U.S. at 94. The "primary purpose" of the pleading rules is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted). Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). That said, the Federal Rules of Civil Procedure do not require, and the Court does not expect, a complaint to read like *The Old Man and The Sea*. Although ill-advised, complaints may be "windy" and "repetitious," and may contain "a disposable husk" of "fat" or "surplusage." *Id.*; *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). In those cases, the court "should bypass the dross and get on with the case" if there is, at least, a "core of proper pleading." *U.S. ex rel Garst*, 328 F.3d at 378 (internal citation and quotations omitted); *see Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) ("Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal.").

But if the dross is insurmountable, "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis*, 269 F.3d at 820. Because the key issue is whether the defendant is adequately put on notice of the allegations, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard*, 658 F.3d at 798.

The complaint offers neither a "short" nor "plain" statement of Plaintiff's claims, and the complaint is anything but "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1). It is a jumbled mess that the Court should not have had to untangle. Compl., Dkt. 38. Alone, the "lack of organization and basic coherence" justifies dismissal. *Standard*, 658 F.3d at 798.

Nevertheless, because Plaintiff is proceeding *pro se*, the Court has carefully studied the complaint, liberally construed his allegations, and discerned the claims the Plaintiff appears to be asserting. The Court has reached the same conclusion as Defendant that Plaintiff appears to be alleging three claims. First, he appears to bring a civil rights claim under 28 U.S.C. § 1983, based on his allegations that Defendant, along with "FCA, Fiat Chrys[l]er Automotive et., al.," violated his civil rights guaranteed by the "Collective Bargaining Agreement" when the defendants denied him the opportunity to file his "Redress and Grievance Complaint." Compl., Dkt. 38, at 1. Second, he appears to bring a claim under Section 301 of the LMRA, based on the allegations that the defendants breached their duty of fair representation under the "Collective Bargaining Agreement." *Id.* at 4. Third, he

appears to bring a claim under Title VII of the Civil Rights Act of 1964 based on what looks like allegations of sexual harassment, a hostile work environment, or employment discrimination. Compl., Dkt. 38, at 2–5; Dkt. 40, at 5. But even when viewed liberally as the Court has done, the complaint still fails to state claims from which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).

First, Plaintiff's Section 1983 allegations fail as a matter of law. Proper defendants for claims arising under Section 1983 are state actors, or private actors who "invoke state authority in such a way that the defendant should be considered a state actor." *Davis v. Union Nat'l Bank*, 46 F.3d 24, 25 (7th Cir. 1994). "Unions are not state actors; they are private actors." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). And Plaintiff offers no support in his complaint or in his response to the motion to dismiss for why Defendant should be considered a state actor. *See generally*, dkts. 38, 42. Thus, Plaintiff's claim under Section 1983 fails to state a claim for which relief could be granted and is dismissed. Fed. R. Civ. P. 12(b)(6); *Davis*, 46 F.3d at 25.

Second, Plaintiff's claim under Section 301 of the LMRA, 29 U.S.C. § 185, is indisputably time-barred and fails as a matter of law. Section 301 provides a claim brought "for violations of contracts between an employer and a labor organization." *Id.* at § 185(a); *Teamster Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 328 (7th Cir. 2003). Claims brought under Section 301 of the LMRA are subject to six-month statute of limitations. *Chapple v. Nat'l Starch & Chem. Co. & Oil*, 178 F.3d 501, 505 (7th Cir. 1999). In this case, the alleged breach of contract

occurred in March 2020. Compl., Dkt. 38, at 4. Plaintiff first filed his complaint in January 2022. Dkt. 1. Although dismissing a complaint as untimely at this stage of the litigation is "unusual," because "the complaint alleges facts sufficient to establish that the suit is indeed tardy," dismissal is appropriate. *Cancer Found. Inc.,* 559 F.3d at 674; *Amin Ijbara Equity Corp.*, 860 F.3d at 492. Thus, Plaintiff's claim arising under Section 301 of the LMRA is dismissed for failing to state a claim from which relief could be granted. Fed. R. Civ. P. 12(b)(6).

Lastly, Plaintiff's Title VII claim fails as a matter of law because Plaintiff failed to satisfy the "several prerequisites for bringing a Title VII claim." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). One of those prerequisites is the exhaustion of administrative remedies. *Burgett v. Dep't of Treasury*, 603 F. Supp. 2d 1152, 1156 (N.D. Ill. 2009). Before bringing a claim in federal court, a plaintiff must first "file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner*, 413 F.3d at 680 (7th Cir. 2005) (citation omitted). But Plaintiff admits that he did not exhaust the available administrative remedies: "when plaintiff filed his § 1983 action, an avenue of administrative relief remained open as of the time plaintiff filed his § 1983 complaint." Compl., Dkt. 38, at 8. Plaintiff has essentially pleaded himself out of court. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("Our case law recognizes that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims."). What's more, Plaintiff fails to respond to Defendant's argument that he failed to exhaust administrative remedies or that his

claim falls "within the scope of a breach of the [duty of fair representation], "are preempted by Section 301," and are therefore untimely. Dkt. 40, at 5. The Court may thus treat Plaintiff's Title VII claims as forfeited. *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

## CONCLUSION

Out of deference to Plaintiff's status as a *pro se* litigant, the claims against Defendant are dismissed without prejudice. The Court notes that Plaintiff has been given multiple opportunities to amend in the past. *See* Dkts. 11; 35. If Plaintiff believes he can fix the allegations in light of the explanations in this opinion and do so consistent with his obligations under Federal Rule of Civil Procedure 11, then he has one final chance to file an amended complaint by January 9, 2023. Plaintiff is warned that if he fails to file an amended complaint by that date, or if he files an amended complaint that merely rehashes the dismissed claims or otherwise fails to state plausible claims against Defendant, this dismissal will convert to a dismissal with prejudice.

Date: December 13, 2022

_____
Honorable Iain D. Johnston
United States District Judge