**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

JAMES LEACH

      Plaintiff,

    v.

UAW LOCAL 1268, and FCA, FIAT
CHRYSLER AUTOMOTIVES, et. al.,

      Defendants.

Case No. 3:22-cv-50004

Honorable Iain D. Johnston

**MEMORANDUM OPINION AND ORDER**

On December 13, 2022, this Court dismissed Plaintiff James Leach's amended complaint without prejudice and with leave to amend. Dkt. 46. It cautioned Mr. Leach that if he files another amended complaint that "merely rehashes the dismissed claims," the Court would dismiss his claims with prejudice. *Id.* at 10.

Mr. Leach filed a new complaint on March 8, 2023, which defendant UAW Local 1268 Region 4 moved to dismiss. Dkts. 50, 53.

When reading the complaint, it's like déjà vu all over again.

Mr. Leach again brings the very same claims that the Court previously dismissed. Mr. Leach again appears to bring civil rights claim under 28 U.S.C. § 1983, based on his allegations that the Union "[v]iolated" his "due process right of equal protection of the law" by not filing a grievance against his supervisor. Dkt. 50, at 21, 28 (cleaned up). He again appears to bring a claim under Section 301 of the Labor Management Relations Act, based on the allegations that the Union breached its duty

1

of fair representation under the Collective Bargaining Agreement. *Id.* at 21, 24. And he again appears to bring various claims under Title VII of the Civil Rights Act of 1964 based on what, again, look like allegations of sexual harassment, a hostile work environment, or employment discrimination. *Id.* at 9–15.

Lastly, to leave no stone unturned, Federal Rule of Civil Procedure 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Indeed, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). The Court gave Mr. Leach this information in its December 2022 Order. Dkt. 46, at 4–7 Mr. Leach should have taken it to heart.

But, because Mr. Leach brings precisely the claims that the Court warned would be dismissed with prejudice if Mr. Leach brought them again, and because Mr. Leach's amended complaint fails to satisfy Rule 8's pleading standards, the Court dismisses the complaint against UAW Local 1268 Region 4 with prejudice and without leave to amend. The Clerk is directed to terminate UAW Local 1268 Region 4 as a defendant in this matter. The case remains open as to the other defendants.

Date:  July 27, 2023

 

_____

    Honorable Iain D. Johnston
    United States District Judge

2