UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES LEACH,<br>        Plaintiff,<br><br>v.<br><br>RICKY HICKS, *et al.*,<br>        Defendants. | No. 22 CV 50004<br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff James Leach alleges that he was harassed by a supervisor at work, and that his union and union representatives failed to help. The Court previously dismissed all of Mr. Leach's against the United Auto Workers Local 1268, which were for civil rights violations, breach of the duty of fair representation, and employment discrimination, first without prejudice, and then with prejudice after Mr. Leach's third amended complaint, Dkt. 50, still failed to plausibly allege a timely claim against it. The Court now addresses motions to dismiss what remains of the third amended complaint brought by the remaining defendants who have appeared: union representatives Ricky Hicks and James Stauch, Dkt. 71; Mr. Leach's employer, MacLellan Integrated Services, Inc., Dkt. 73; and MacLellan's president, Jeffrey Betzoldt, Dkt. 60. For the following reasons, the motions to dismiss [60], [71], [73] are granted, those defendants are dismissed, and the Court also dismisses two defendants for whom there is no proof of service, FCA Fiat Chrysler and Jimmie Gilmore.

**BACKGROUND**

As the Court previously noted, Mr. Leach's second amended complaint was "almost entirely indecipherable." Order [46] at 1. The Court gave him one final chance to attempt to allege plausible claims, but his third amended complaint, Dkt. 50, is not much of an improvement. Nevertheless, as it did with his second amended complaint, the Court has again carefully studied his pleading, liberally construed his allegations, discerned the claims he appears to be asserting, and proceeds based on its best understanding of those claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the amended allegations, in June 2017 Mr. Leach began working as a janitor for MacLellan Integrated Services, Inc., which was a contractor of FCA Fiat Chrysler. He alleges that from the time he started work, his supervisor, Jimmy Gilmore, began touching him including slapping him on his buttocks. He alleges those incidents occurred in June 2017, on January 25, 2018, on August 8, 2019, around November 16, 2019, and finally on March 11, 2020. He also alleges that on July 18, 2019, Mr. Gilmore told him, "James don't you touch shit," which caused coworkers who heard the remark to laugh at him. Mr. Leach reported the incidents to two union representatives, Ricky Hicks and James Stauch, but despite his repeated requests that they file grievances on his behalf, they refused. In fact Mr. Hicks allegedly grew so angry at

Mr. Leach's repeated request that on March 11, 2020,[1] he referred to Mr. Leach using a variant of the n-word and threatened to force Mr. Leach to his knees, put a pistol in his mouth, and blow his brains out. Although missing from his third amended complaint, in his second amended complaint, Dkt. 38, Mr. Leach alleged that the emotional distress he suffered from the harassment forced him to resign on November 6, 2021.

As best as the Court is able to discern, Mr. Leach raises the following claims in his third amended complaint (disregarding the claims against his union that have already been dismissed): (1) a claim that union representatives Hicks and Stauch failed to submit grievances on his behalf in breach of their duty of fair representation in violation of the Labor Management Relations Act, *see* 29 U.S.C. § 185; (2) a state law claim of intentional infliction of emotional distress against Ricky Hicks for using a racial epithet while threatening to shoot him dead; and (3) claims of sexual harassment and hostile work environment brought against MacLellan Integrated Services and its president, Jeffery Betzoldt, under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.* He seeks damages totaling $1,500,000.

Before the Court are three motions to dismiss all that remains of the third amended complaint. Hicks and Stauch move to dismiss the claims of breach of the duty of fair representation and what they perceive to be employment discrimination claims. Dkt. 71. MacLellan Integrated Services moves to dismiss the claims of sexual harassment and hostile work environment. Dkt. 73. And MacLellan president Betzoldt likewise moves to dismiss the claims of sexual harassment and hostile work environment. Dkt. 60.

## ANALYSIS

The defendants have all moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6) a complaint will be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under that rule, the complaint's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must also plausibly suggest that the plaintiff is entitled to relief, which "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When evaluating a 12(b)(6) motion, the court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *See Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020). Because Mr. Leach is proceeding *pro se*, the Court will liberally construe his third amended complaint. *See Erickson*, 551 U.S. at 94.

**I.    Ricky Hicks & James Stauch Motion to Dismiss [71]**

Union representatives Hicks and Stauch move to dismiss the claims that they breached a duty of fair representation owed under the Collective Bargaining Agreement in violation of

---

[1] Mr. Leach has attached to his second amended complaint a copy of notes made by a licensed clinical professional counselor and dated February 13, 2020. Dkt. 50 at 83. It includes Mr. Leach's description of Mr. Hicks allegedly threatening to put a gun in people's mouths and blow their heads off, even though Mr. Leach's complaints describe that occurring to him in March 2020. But whether Mr. Hicks allegedly made that threat to Mr. Leach in February or March 2020 does not affect the Court's analysis of the pending motions to dismiss.

Section 301 the Labor Management Relations Act, *see* 29 U.S.C. § 185. In support, they argue that individual union representatives cannot be held personally liable for any breach of the duty of fair representation. They rely on 29 U.S.C. § 185(b), under which any "money judgment against a labor organization . . . shall be enforceable only against the organization as an entity . . . and shall not be enforceable against any individual member."

In his brief, Mr. Leach asserts that a union owes its members a duty of fair representation, that the union breaches that duty by failing to represent a grievant, and the defendants breached that duty by failing to represent him. But he does not address Hicks and Stauch's argument that § 185(b) bars personal liability.

Section 185(b) bars claims against individual union officers for claims of breach of the duty of fair representation owed by the union. *See Slavich v. Local Union No. 551*, No. 84 CV 454, 1986 U.S. Dist. LEXIS 24387, at *3 n.1 (N.D. Ill. June 13, 1986) ("Section 301 of the LMRA, 29 U.S.C. § 185 does not authorize lawsuits against individual union officers," citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962)). Accordingly, Mr. Leach's claims against Hicks and Stauch for breaching the duties owed him under the Collective Bargaining Agreement are dismissed.

It is not clear whether Mr. Leach's sexual harassment and hostile work environment claims are asserted against Hicks and Stauch, but in their motion to dismiss Hicks and Stauch argue that the claims should be dismissed as to them because individuals such as coworkers and supervisors do not constitute "employers" for purposes of Title VII, and therefore they cannot be individually liable. Mr. Leach does not respond to the argument. Title VII imposes liability for employment discrimination on only the employer, not individuals. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Accordingly, any sexual harassment or hostile work environment claims against Hicks and Stauch are also dismissed.

It is also not clear from the third amended complaint whether Mr. Leach's civil rights claim under 42 U.S.C. § 1983 brought against the union is also brought against Hicks and Stauch. But to the extent Mr. Leach intended to also allege that claim against them, it is dismissed because he has not plausibly suggested that they are state actors. *See Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015) (affirming dismissal of § 1983 claims for failing to plausibly suggest that the defendants were state actors).

Finally, although not the subject of the motion to dismiss, Mr. Leach appears to assert a state law claim of intentional infliction of emotional distress against Mr. Hicks based on the incident on July 18, 2019, when Mr. Hicks allegedly humiliated him in front of coworkers, and the incident on March 11, 2020, during which Mr. Hicks allegedly directed a racial epithet at Mr. Leach and a threated to blow his brains out  Because the Court is dismissing all of Mr. Leach's other claims leaving no claims premised on federal question jurisdiction, under 28 U.S.C. § 1367(c)(3) and in an exercise of its discretion, the Court declines to exercise supplemental jurisdiction over the state law intentional infliction of emotional distress claim. The claim is dismissed without prejudice to Mr. Leach refiling it in state court. The Court does so expressing no opinion on the viability of such a claim.

**II.     MacLellan Integrated Services Motion to Dismiss [73]**
         **Jeffery Betzoldt Motion to Dismiss [60]**

The Court now turns to the claims of sexual harassment and hostile work environment Mr. Leach has asserted under Title VII against his former employer, MacLellan Integrated Services, and its president, Jeffery Betzoldt. As discussed above, Title VII imposes liability on only an employer, not individual coworkers or supervisors. Accordingly, the motion to dismiss Betzoldt is granted.

As for the claim of sexual harassment and hostile work environment against his employer MacLellan, it moves to dismiss on two grounds: (1) failure to administratively exhaust before filing suit; and (2) collateral estoppel based on an earlier lawsuit Mr. Leach brought against MacLellan under Title VII. The Court begins with administrative exhaustion. Before filing a lawsuit under Title VII, a litigant must first exhaust his or her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission no later than 300 days after the alleged incident. *See* 42 U.S.C. § 2000e-5(e)(1). The last incident of harassment that Mr. Leach alleges in his third amended complaint occurred on March 11, 2020, making any charge of discrimination due to the EEOC by January 5, 2021. But in his second amended complaint he admits that when he filed this lawsuit on January 5, 2022, "an avenue of administrative relief remained open." Second Am. Compl. [38] at 8. As the Court noted when dismissing the Title VII allegations from his second amended complaint, if he had not yet exhausted when filing suit on January 5, 2022, then the time to do so had passed, and he had pleaded himself out of court. *See* Order dated December 13, 2022 (Dkt. 46) at 9 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("Our case law recognizes that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.")). In addition, as with his response to the union's motion to dismiss the second amended complaint, his response to MacLellan's motion to dismiss the third amended complaint does not address its failure to exhaust argument. Based on both his pleading himself out of court and his failure to address MacLellan's argument that he had done so, his Title VII claim against MacLellan is granted.

MacLellan argues that Mr. Leach's sexual harassment and hostile work environment claim should also be dismissed on the alternative ground of collateral estoppel based on an earlier lawsuit he filed against MacLellan premised on a notice of discrimination he filed with the EEOC and Illinois Department of Human Rights on January 17, 2018. *See Leach v. MacLellan Integrated Services, Inc.*, No. 20 CV 50086 (N.D. Ill). Yet some of the incidents Mr. Leach alleges in the third amended complaint are outside the scope of the charge of discrimination underlying that earlier lawsuit. But the Court need not address MacLellan's alternative argument that Mr. Leach's Title VII claim should be dismissed on the basis of collateral estoppel because it has already concluded that the that claim is untimely based on his failure to timely exhaust.

**III.    Other Potential Claims and Defendants**

To the extent Mr. Leach has asserted claims that the parties and this Court have been unable to discern, the reason they have not been discerned is Mr. Leach's failure to comply with

Federal Rule of Civil Procedure 8 which, as the Court instructed in its order dismissing his second amended complaint, requires a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as a prayer for the relief sought, *see* Fed. R. Civ. P. 8(a), and that each allegation be simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1). Yet even after that instruction, Mr. Leach's third amended complaint is as difficult to follow as the dismissed second amended complaint. Although the Court has done its best to discern Mr. Leach's claims, to the extent he believes he raised others not discussed in this order, they are subject to dismissal for failure to comply with Rule 8's requirement for short, plain statements setting out the plaintiff's claims that are simple, concise, and direct.

      One final note. The case caption appears to include as defendants FCA Fiat Chrysler, as well as his supervisor at MacLellan Integrated Services, Jimmie Gilmore. But neither of those parties has appeared. Summonses issued for Gilmore on July 12, 2023, and for FCA Fiat Chrysler on April 12, 2022, and May 19, 2023. But nothing on the docket suggests that Gilmore was ever properly served under Fed. R. Civ. P. 4(c). There is a postal receipt for something delivered to FCA Fiat Chrysler on April 21, 2022, *see* Dkt. 22, and again on May 22, 2023, *see* Dkt. 55, but no evidence of proper service under Rule 4(c). In addition, there is no completed waiver of service from either of those defendants. The time for service is long passed, *see* Fed. R. Civ. P. 4(m), and the docket reveals no point at which Mr. Leach sought to extend the time to properly serve FCA Fiat Chrysler and Gilmore. Mr. Leach also never moved for entry of an order of default under Fed. R. Civ. P. 55(a), which would have revealed if and how he served those defendants. Accordingly, any claims brought against FCA Fiat Chrysler and Gilmore are also dismissed.

## CONCLUSION

      For the reasons discussed, the motions to dismiss from Hicks and Stauch [71], MacLellan Integrated Services [73] and Betzoldt [60] are granted and the claims against those four defendants are dismissed. In addition, defendants FCA Fiat Chrysler and Jimmie Gilmore are dismissed for failure to serve under Fed. R. Civ. P. 4(c) and for want of prosecution under Fed. R. Civ. P. 41(b). All parties and claims having been dismissed, the clerk is directed to terminate this civil case.

Date: March 4, 2024      By: _____
                                          Iain D. Johnston
                                          United States District Judge